IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-00421-MSK-MEH

CLAIRE D. FITZGERALD,

    Plaintiff,

v.

ALBERTO R. GONZALES, Attorney General, U.S. Department of Justice (Federal Bureau of Prisons),

    Defendant.

---

**ORDER DENYING MOTION FOR RECONSIDERATION (#103)
AND MOTION IN LIMINE (#107)**

---

THIS MATTER comes before the Court on the Defendant's Motion for Reconsideration **(#103)**, to which the Plaintiff responded **(#109)** and the Defendant replied **(#113)**, and on the Defendant's Motion in Limine re: Testimony and Evidence Regarding Plaintiff's Sexual Harassment, Disparate Treatment and Retaliation Claims **(#107)**, to which the Plaintiff responded **(#114)**.  Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Motion for Reconsideration

Last month, the Court issued an Order granting in part and denying in part a motion for summary judgment filed by the Defendant.  The Defendant now asks the Court to reconsider that ruling to the extent that the Court denied the motion.  Grounds warranting reconsideration include an intervening change in the controlling law, the discovery of new evidence previously unavailable, and the need to correct clear error or prevent manifest injustice.  *See Servants of the*

*Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000).

First, the Defendant asks the Court to reconsider its ruling that the Plaintiff was not required to contact an EEO counselor prior to commencing a mixed case appeal before the Merit Systems Protection Board ("MSPB"). He contends that the Plaintiff's decision to initially proceed with an EEO complaint constituted an election to proceed in that forum rather than before the MSPB, and the Plaintiff was required to contact an EEO counselor before proceeding with an EEO complaint. Although this would ordinarily be true, an applicable regulation allowed the Plaintiff to change her election. *See* 29 C.F.R. § 1614.302(d)(1)(i). The Defendant has cited no law for the proposition that an employee who elects to proceed before the MSPB must first contact an EEO counselor, and the Court is aware of none.

The Defendant also seeks reconsideration of the Court's ruling that a trial was required on the constructive discharge claim. He argues that the Plaintiff's working conditions could not be viewed as intolerable because the Plaintiff stated under oath that she would have stayed in Colorado without her husband. This argument does not support grounds warranting reconsideration. However, it may be asserted in an appropriate mid-trial motion under Fed. R. Civ. P. 50. Therefore, the Court denies the motion for reconsideration.

## II.  Motion in Limine

Without specification, the Defendant seeks to prevent the Plaintiff from offering evidence at trial which he contends is no longer relevant in light of the Court's summary judgment ruling, is excludable under F.R.E. 403 or will be unsupported by adequate foundation.

These objections cannot be considered in the abstract, but must be raised in conjunction with specific evidence offered at trial. Therefore, this motion is also denied, with leave to renew

at trial.

**IT IS THEREFORE ORDERED** that the Defendant's Motion for Reconsideration **(#103)** and the Defendant's Motion in Limine re: Testimony and Evidence Regarding Plaintiff's Sexual Harassment, Disparate Treatment and Retaliation Claims **(#107)** are **DENIED**.

Dated this 19th day of April, 2006

        **BY THE COURT:**

        *Marcia S. Krieger*
        _____
        Marcia S. Krieger
        United States District Judge